**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malik Jaleel Laws,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>    Respondents. | No. CV-21-00216-PHX-GMS<br><br>**ORDER** |

Before the Court is Malik Jaleel Laws's ("Petitioner") Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 9). Magistrate Judge Camille Bibles issued a Report and Recommendation ("R&R") in which she recommended the Court deny the petition. (Doc. 17.) Petitioner filed objections to the R&R. (Doc. 18.) Petitioner has also filed a Request for Oral Argument (Doc. 19), a Motion for Pre-Hearing Conference (Doc. 22), a Motion for Expedited Disposition (Doc. 26), and a Motion to Allow Discovery or Expand the Record (Doc. 29). For the reasons below, the Court adopts the R&R, denies the petition, and denies all outstanding motions.

## BACKGROUND

After a five-day jury trial during which he represented himself, Petitioner was convicted on August 5, 2019, of one count of disorderly conduct, one count of resisting arrest, and one count of aggravated assault. (Doc. 17 at 2.) He was sentenced to serve a

term of five years in the custody of the Arizona Department of Corrections. (Doc. 17 at 3.) Petitioner's direct appeal and his petition for post-conviction relief ("PCR") under Rule 32 of the Arizona Rules of Criminal Procedure ran concurrently.[1] The two issues presented in Petitioner's direct appeal were whether (1) the indictment gave Petitioner sufficient notice of the crime with which he was ultimately convicted, and (2) the trial court erred in failing to credit Petitioner with all the time he spent in pretrial detention when it calculated his sentence. (Doc. 13-1 at 479.) Petitioner's amended PCR petition raised claims under the Fourth and Eighth Amendments and that newly discovered facts would have changed the judgment or sentence. (Doc. 13-1 at 595.) The Arizona Court of Appeals denied his direct appeal on October 6, 2020, (Doc. 17 at 4), while the trial court denied his amended PCR petition on December 17, 2020. (Doc. 17 at 8.) Petitioner then filed his initial petition for a writ of habeas corpus in this Court on February 9, 2021 and sought review of the trial court's PCR decision at the Arizona Court of Appeals on February 25, 2021.

After his initial petition was screened and denied without prejudice by the Court, Petitioner filed an amended petition for a writ of habeas corpus on April 27, 2021. (Doc. 9.) At the time, his petition seeking appellate review of the PCR decision was still pending at the Arizona Court of Appeals. (Doc. 17 at 10.) The Magistrate Judge issued her R&R on July 30, 2021, recommending to the Court that the petition be denied. (Doc. 17 at 21.) Petitioner timely filed an Objection to the R&R on August 13, 2021, challenging the Magistrate Judge's determinations that (1) his federal constitutional claims were procedurally defaulted and (2) his actual innocence claim was not cognizable. (Doc. 18.) On August 24, 2021, the Arizona Court of Appeals affirmed the state trial court's PCR decision, holding that Petitioner failed to show abuse of discretion. (Doc. 24-1 at 3.) Petitioner subsequently filed several motions with the Court requesting oral argument, a pre-hearing conference, and an evidentiary hearing on his objections, (Docs. 19, 22); that

---

[1] Although Petitioner was represented by counsel on his direct appeal, his appointed PCR counsel withdrew after determining no colorable claims could be made. (Doc. 17 at 5.) Since then, Petitioner has represented himself at all stages of his collateral review proceedings.

the Court expedite its decision, (Doc. 26); and that the Court allow expanded discovery, (Doc. 29).

## DISCUSSION

**I.      Legal Standard**

    **A.      Review of the R&R**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B); *Est. of Connors v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993). Any party "may serve and file written objections" to a report and recommendation by a magistrate. 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," but may also "recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

    **B.      Procedural Default & Exhaustion**

A petitioner is required to exhaust his claims in state court before bringing them in a federal habeas action. 28 U.S.C. § 2254(b)(1)(A). In this context, exhaustion requires a petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In Arizona, a petitioner is required to "fairly present" all claims he seeks to assert in his habeas proceeding first to the Arizona Court of Appeals either through direct appeal or the state's post-conviction relief proceedings. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

For a petitioner to have fairly presented his claims to the appropriate state courts, he must have described the operative facts and the federal legal theory that support his claim.

*See Baldwin v. Reese*, 541 U.S. 27, 29, 31 (2004); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam). The petitioner must alert the state court to the federal nature of the right he claims; broad appeals to "due process" and similar concepts are insufficient. *See Johnson v. Zenon*, 88 F.3d 828, 830–31 (9th Cir. 1996) ("While he did assert that the admission of the prior act evidence 'infringed on his right to present a defense and receive a fair trial,' the assertion was made in the course of arguing that the evidentiary error was not harmless under state law. Because Johnson never apprised the state court of the federal nature of his claim, he has not satisfied the fair presentation prong of the exhaustion requirement."); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.").

If a petitioner has failed to "fairly present" his federal claims to the state courts—and has therefore failed to fulfill AEDPA's exhaustion requirement—the habeas court must determine whether state remedies are still available for the petitioner; if not, those claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). A petitioner can suffer a procedural default if the state court rejected the claim not on the merits, but because the petitioner failed to comply with a procedural rule that (1) rests on nonfederal grounds and (2) is firmly established and consistently followed. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). A federal court may also find that a petitioner has suffered a procedural default if the petitioner failed to present the claim to the state court, and "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (quoting *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002)); *see also Coleman*, 501 U.S. at 735 n.1.

Arizona has several rules that petitioners must follow when they seek to present claims in post-conviction relief proceedings. *See, e.g.*, Ariz. R. Crim. P. 32.2(a). Failure to comply with those rules results in a procedural default. For example, if a petitioner seeks to bring a claim for the first time in a post-conviction relief proceeding that was "waived at trial or on appeal, or in any previous post-conviction proceeding," the court will find that

claim barred unless "the claim raises a violation of a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant." *Id.* 32.2(a)(3). Likewise, if a petitioner brings a claim that was available on direct appeal, the court can find the claim barred because a petitioner cannot bring claims in collateral proceedings that were available on appeal. *See id.* 32.2(a)(1). When the state court invokes that procedural rule, its judgment rests on a provision of state law that is both adequate and independent of the merits. Thus, a court in a federal habeas proceeding will accept the state court's procedural ruling and find the petitioner's claim defaulted. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (upholding reliance on Rule 32.2(a)(3) as an adequate and independent state ground).

Still, a petitioner can overcome a procedural default. A habeas court will consider claims the petitioner has procedurally defaulted only if he can demonstrate (1) cause for his failure to comply with state rules and actual prejudice or, in the very rare instance, (2) that a miscarriage of justice would occur. *See Dretke v. Haley*, 541 U.S. 386, 393 (2004). "Cause" means "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A claim that petitioner's counsel provided ineffective assistance that caused the default would ordinarily constitute cause. *Id.* at 488–89. But that ineffective assistance of counsel claim itself must have been properly presented to the state courts for it to serve as cause to excuse a procedural default. *Id.* at 489. Even if a petitioner demonstrates cause for a procedural default, he must nevertheless show "prejudice" or that the supposed constitutional error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Finally, a miscarriage of justice is shorthand for a situation "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393 (quoting *Murray*, 477 U.S. at 496).

/ / /

## II.   Analysis

### A.   Actual Innocence

Petitioner argues that he is in possession of newly discovered evidence that proves he is actually innocent: interviews with two Glendale Police officers that were taken during the second day of trial. (Doc. 18 at 3.) According to Petitioner, these interviews "could have impeached the same two officers I interviewed when they testified a day later." *Id.* Petitioner also argues that the evidence presented at trial was tampered with, internally inconsistent, and shows that he is innocent. (Doc. 9 at 6.)

Petitioner's freestanding actual innocence claim is "not colorable nor . . . cognizable as he does not present newly discovered evidence which affirmatively proves his innocence." (Doc. 17 at 20.) To the extent Petitioner argues that the two officer interviews amount to newly discovered evidence that proves his innocence, such a claim is not cognizable. S*ee Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983) (holding that courts need not determine whether habeas corpus petitioners properly exhausted noncognizable claims). The Ninth Circuit has noted that a petitioner's claim of actual innocence based on newly discovered evidence may state a freestanding claim for habeas relief, but only if the evidence affirmatively proves the petitioner is innocent. *See Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002). *But see Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). That is not the case here. Moreover, the interviews were taken at trial before the officer's testimony and could have been used during the testimony of the officers. As a result, the interviews are not newly discovered. (Doc. 18 at 3). Nor does Petitioner explain the materiality of the officer interviews, beyond a conclusory statement that they would help him show that the evidence used to convict him was internally inconsistent.[2] Therefore, even if the officer interviews

---

[2] Petitioner's insistence that he be provided an evidentiary hearing to show the Court the evidence he possesses does not change the outcome. Petitioner has been in possession of the evidence in question since before his federal habeas petition was filed. But he has not disclosed this evidence to any reviewing court, including this one. Nor has he met his

- 6 -

were newly discovered, Petitioner has not met his burden to show that they provide affirmative proof of his innocence as is required.

### B. Fourth and Eighth Amendment Claims

#### 1. Procedural Default

Petitioner's Fourth and Eighth Amendment claims are procedurally barred because they were not fairly presented in either Petitioner's direct or collateral appeal and could not be presented in a successive PCR petition. Petitioner did not raise either claim in his direct appeal. (Doc. 13-1 at 479.) In his collateral appeal, Petitioner cited to the federal constitution only once, arguing that "[t]he Court should grant this petition simply because the materials I listed in Section 3 of this petition would prove my imprisonment in violation of the United States Constitution." (Doc. 13-1 at 681.) This broad reference to constitutional principles was insufficient to fairly present his claim to the Court of Appeals, as it did not provide notice to the court of his claim. *See Baldwin*, 541 U.S. at 33; *Hiivala*, 195 F.3d at 1106. Nor does Petitioner's argument that he fairly presented the claims because he raised them at the trial-level PCR proceeding change the outcome. (Doc. 18 at 7.) State appellate courts need not read the opinions and briefs filed in lower courts in the same proceeding; if the claim is not included in briefs filed with an appellate court, it is not fairly presented for that court's review. *Baldwin*, 541 U.S. at 31–32.

Because Petitioner failed to raise his Fourth and Eighth Amendment claims to the Court of Appeals in his now-concluded collateral review proceeding, these issues have been deemed waived under Arizona's procedural rules. *See* Ariz. R. Crim. P. 32.16(c)(4) ("A party's failure to raise any issue that could be raised in the petition for review . . . constitutes a waiver of appellate review on that issue."); *id.* 32.2(a)(3) (stating that PCR

---

burden under 28 U.S.C. § 2254(e)(2) to show why an evidentiary hearing should be held. Evidentiary hearings in federal habeas proceedings are only permissible if the claim relies on either a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," *id.* § 2254(e)(2)(A)(i), or "a factual predicate that could not have been previously discovered through the exercise of due diligence." *Id.* § 2254(e)(2)(A)(ii). Petitioner does not rely on a new rule of constitutional law made retroactive, and his claim that he is in possession of evidence that can only be disclosed at an evidentiary hearing has been consistently raised since his state PCR proceeding. (Doc. 13-1 at 513, 547.) Therefore, he has not established either predicate requirement for an evidentiary hearing.

petitioners are precluded from relief on any ground "waived at trial or on appeal, or in any previous post-conviction proceeding"). While an exception to Rule 32.2(a)(3) allows subsequent PCR proceedings to consider claims that raise violations of "a constitutional right that can only be waived knowingly, voluntarily, and personally by the defendant," *id.*, that exception does not apply because Fourth Amendment rights can be waived unknowingly. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 234, 241 (1973) (holding that knowledge "is not a prerequisite to voluntary consent" in the Fourth Amendment context). The same holds true for Petitioner's Eighth Amendment claim because it is wholly derivative of his Fourth Amendment claim: Rather than independently challenging the conditions of his confinement, Petitioner argues he was unjustly detained because of an allegedly illegal search and seizure. (Doc. 9 at 6); *see Gerlaugh v. Lewis*, 898 F. Supp. 1388, 1425 (D. Ariz. 1995) (determining that because the petitioner's Eighth Amendment claim challenged his confinement due to an alleged Fourth Amendment violation, the Eighth Amendment claim was "in actuality a Fourth Amendment claim because the claims are not distinct in nature"). Because it is clear that the constitutional claims are precluded from further review in the state courts under Arizona's procedural rules, Petitioner's failure to fairly present his claims to the Court of Appeals has resulted in a procedural default. *See Sandgathe*, 314 F.3d at 376.

### 2. Excusing the Procedural Default

As Petitioner's constitutional claims are procedurally defaulted, the Court may only consider them on the merits if Petitioner has shown cause for the default and prejudice, or that a miscarriage of justice would occur absent merits consideration due to his actual innocence. *Dretke*, 541 U.S. at 388, 393. Petitioner argues that he did not raise his constitutional claims on his direct appeal because his appellate counsel informed him that he "couldn't raise issues on appeal that [he] had raised at trial and could only bring new issues that weren't recognized at trial." (Doc. 18 at 4.) "Ineffective assistance of counsel can generally constitute 'cause' to excuse a procedural default only if the petitioner had a constitutional right to counsel in the proceeding in which the default occurred." Brian R.

Means, *Federal Habeas Manual* § 9B:63 (2021); *see also Coleman*, 501 U.S. at 752-53. Criminal defendants have a constitutional right to effective assistance of counsel in all of-right appellate proceedings afforded by a state system. *Evitts v. Lucey*, 469 U.S. 387, 393 (1985). In Arizona, the state constitution guarantees all criminal defendants a right of appeal. Ariz. Const. Art. 2 § 24. Absent a guilty plea—which waives a defendant's right to a direct appeal and converts their first PCR petition into an of-right proceeding, *see Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995), *superseded by statute on other grounds as recognized in State v. Smith*, 184 Ariz. 456, 910 P.2d 1 (1996)—a defendant's first appeal is guaranteed as of right by the Arizona constitution. *State v. Wilson*, 174 Ariz. 564, 566, 851 P.2d 863, 865 (Ct. App. 1993).

Nevertheless, Petitioner's ineffective assistance of appellate counsel argument does not provide the requisite cause to excuse the procedural default of his constitutional claims. Because he failed to present the ineffective assistance of counsel claim to the state courts, it cannot be used to excuse the procedural default by this Court. *See Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000) ("'[A] claim of ineffective assistance,' we said, generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" (quoting *Carrier*, 477 U.S. at 489)).

### ii.     Miscarriage of Justice

The miscarriage of justice exception applies when a petitioner can show that had the constitutional error not occurred, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Because considering this exception requires consideration of whether the Petitioner is actually innocent, the Supreme Court has instructed that courts must "first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." *Dretke*, 541 U.S. at 394.

Petitioner has failed to establish his actual innocence warrants consideration of his constitutional claims because he has not shown that absent the alleged unconstitutional search and seizure, it is more likely than not that no reasonable juror would have convicted

him. Petitioner has not identified any impact that the alleged Fourth Amendment violation had on the evidence presented in the case. Consequently, the Court declines to reach the merits of his constitutional claims.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Objections to Report and Recommendation (Doc. 18) are **OVERRULED.**

**IT IS FURTHER ORDERED** that the July 30, 2021 Report and Recommendation of United States Magistrate Judge Camille D. Bibles (Doc. 17) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 9) is **DENIED** and **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to **TERMINATE** this action and enter judgment accordingly.

**IT IS FURTHER ORDERED** that Petitioner's Request for Oral Argument (Doc. 19) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Pre-Hearing Conference (Doc. 22) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Expedited Disposition (Doc. 26) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Allow Discovery or Expand the Record (Doc. 29) is **DENIED.**

**IT IS FURTHER ORDERED** that that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because Petitioner has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 17th day of March, 2022.

_____
G. Murray Snow
Chief United States District Judge